### 22390. JACKSON v. THE STATE.

BROYLES, C. J. 1. Special grounds 1 and 2 of the motion for a new trial (complaining of rulings upon the admissibility of certain testimony) are not complete and understandable within themselves, and can not be considered by this court.

2. Exception was taken to the following charge: "On proof of the homicide the burden is shifted to the defendant to show that it was a lawful

homicide. Homicide is not necessarily unlawful. Some are lawful and proper, but on proof of the homicide the law will presume malice, express or implied, unless the contrary be shown." The first sentence of the charge is not an accurate statement of the law, for the reason that the defendant is not called upon to show that the homicide was a lawful one if such fact were shown by the evidence introduced by the State. This inaccuracy, however, does not require a new trial, since the evidence for the State tended to show that the defendant committed the homicide without any legal provocation or excuse. The charge, therefore, although abstractly inaccurate, was authorized by the evidence. See *Tolbirt* v. *State*, 124 *Ga.* 767, 772 (53 S. E. 327) ; *Mann* v. *State*, 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934). The other portions of the foregoing charge are not erroneous for any reason assigned.

3. The excerpts from the charge upon the law of voluntary manslaughter and upon the law of justifiable homicide were abstractly correct and authorized by the evidence and were not erroneous for any reason assigned.

4. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. Luke and Hooper, JJ., concur.*

DECIDED AUGUST 31, 1932.

*F. L. Clements,* for plaintiff in error.
*Charles H. Garrett, solicitor-general,* contra.